# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD WATERS,** | : | **CIVIL NO. 1:18-CV-1895** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **DR. PETZ,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Charles Waters ("Waters"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The sole defendant is Dr. Petz. (Id.) For the reasons discussed below, the court will dismiss the action against defendant Dr. Petz pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I.    Discussion**

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendant Dr. Petz was named in the complaint that was filed on September 18, 2018 and, to date, has not been served in this case. The court must engage in a two-step process in determining whether to dismiss the non-served defendant or grant Waters additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

In the present matter, Waters failed to establish good cause. Waters' *pro se* status is not good cause to excuse his failure to timely serve the defendant. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004). Additionally, Waters failed to request an enlargement of time to serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (noting that good cause is generally established when a plaintiff moves for an extension of time before the expiration of the 120 days service period).

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). After the expiration of the ninety-day time period set forth in Rule 4(m), the court notified Waters that the action against defendant Petz was subject to dismissal, and directed him to show cause why the action against the defendant should not be dismissed pursuant to Rule 4(m). (Doc. 21). It is Waters' responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (See Doc. 14 ¶ 6) (advising Waters that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

Waters has been granted the opportunity to effect proper service and was notified that the non-served defendant was subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 21). Waters has failed to respond to the court order and the time for responding has now passed. As a result, the non-served defendant will be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he has not been served within ninety days of the date on which he was named as a defendant in this action.

## II. Conclusion

The court will dismiss the action against Dr. Petz pursuant to Federal Rule of Civil Procedure 4(m).

An appropriate order shall issue.

                     /S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
                     Christopher C. Conner, Chief Judge
                     United States District Court
                     Middle District of Pennsylvania

Dated:      May 28, 2019